## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ICON EV LLC,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>　　　　　*Defendants.* | Court No. 26-02759 |

## DECLARATION OF TYSON SCHEUMANN

1

**DECLARATION OF CAPTAIN SPIFFY, LLC**

I, Tyson Scheumann, partner at Captain Spiffy LLC, declare as follows:

1. I am a partner at Captain Spiffy Carts, located in Lafayette, IN I am over the age of eighteen, have personal knowledge of the matters set forth herein, and am competent to testify to them if called as a witness.
2. Captain Spiffy is engaged in the retail sale of electric golf carts, including carts manufactured by ICON and other competing brands. We purchase ICON-branded carts directly from ICON. Our dealership employs 25 individuals and has collected over 600 5.0 reviews. Any hindrance on the Icon brand will drastically deplete our reputability.
3. Our customers value ICON-brand carts for their design and aesthetics. However, our customers also place significant value on having multiple brand options available so they can compare features, quality, and pricing before making a purchasing decision.
4. Predictability in manufacturer pricing is critical to the operation of our business. We establish retail pricing based on the manufacturer's suggested retail price ("MSRP") provided by the manufacturer. When MSRP increases, we are forced to either absorb the increase through reduced margins, pass the increase on to customers, or attempt some combination of both.
5. Absorbing increased costs through reduced margins directly harms our financial condition, limits our ability to reinvest in the business, and restricts our ability to provide wage increases to our employees. Passing increased costs to customers undermines customer trust, damages goodwill, and reduces the likelihood of future sales.
6. While our dealership can account for reasonable and anticipated price adjustments from suppliers, we rely on stability and advance notice to properly manage inventory, pricing strategy, and customer expectations.
7. On or about April 6, 2026, ICON notified us that it was implementing an immediate and substantial increase in pricing.
8. This abrupt and significant price increase was unexpected and disruptive. It materially impacts our ability to competitively price ICON carts, negatively affects our current and projected sales, and places immediate strain on our financial performance.
9. The sudden increase also jeopardizes our relationships with customers and prospective customers, particularly those who were actively considering purchasing ICON carts. These customers are now faced with higher prices without warning, which reflects poorly on our dealership and erodes trust.
10. Additionally, the increase diminishes the competitiveness of ICON products relative to other brands we carry, making it more difficult to justify promoting or stocking ICON carts at prior levels.Significant price increases, coupled with reduced parts availability, will materially harm the ICON and EPIC brands, negatively impact dealership operations, and create substantial hardship for consumers who rely on timely service and support.
11. Our business cannot reasonably operate under conditions where manufacturers impose significant, unanticipated price increases without sufficient notice. Such actions undermine our ability to plan, price inventory responsibly, and maintain stable operations. If implemented, this action will significantly limit parts availability to our

existing customer base and materially degrade our ability to service those customers promptly, resulting in longer repair times and diminished customer satisfaction.

12. If ICON were to significantly increase prices further—including, for example, doubling its pricing—we would be compelled to cease doing business with ICON altogether, as such pricing would be commercially unviable and unacceptable to our customer base.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on April 10th, 2026.

---

Tyson Scheumann
Partner @ Captain Spiffy, LLC