**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| ICON EV LLC,<br><br>               **Plaintiff,**<br>   v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>               **Defendants.** |

Before: Hon. Jane A. Restani,
         Judge

Court No. 26-02759

**MOTION OF PROPOSED DEFENDANT-INTERVENOR
AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS
COALITION FOR IMMEDIATE ORDER GRANTING PARTIAL CONSENT MOTION
TO INTERVENE AS A MATTER OF RIGHT**

Pursuant to Rule 7(b)(1) of the Rules of the United States Court of International Trade, proposed defendant-intervenor the American Personal Transportation Vehicle Manufacturers Coalition ("Coalition"), by and through its attorneys, hereby moves for an immediate order granting the Coalition's pending Partial Consent Motion to Intervene as a Matter of Right ("Motion to Intervene"). *See* ECF No. 18.

Plaintiff ICON EV LLC ("Plaintiff' or "ICON"), an importer of low-speed personal transportation vehicles, instituted this action on April 13, 2026, alleging jurisdiction under 28 U.S.C. § 1581(i)(1)(D) to contest certain aspects of the U.S. Customs and Border Protection's ("CBP") Trade Remedy Law Enforcement Directorate's imposition of Enforce and Protect Act ("EAPA") interim measures instituted on March 30, 2026, in EAPA Case No. 8247. *See* Compl. (Apr. 13, 2026), ECF No. 4 ("Compl."); Mar. 30, 2026 Email from CBP, Ex. 2 to Pl.'s M. TRO

**Court No. 26-02759**

and Prelim. Inj. (Apr. 13, 2026), ECF No. 5-2 ("Email from CBP"). Ultimately (albeit prematurely), this action arises under 19 U.S.C. § 1517(g), which permits judicial review of challenges to EAPA determinations and to antecedent interim measures imposed in connection with EAPA determinations. *See, e.g.*, *Aspects Furniture Int'l, Inc. v. United States*, 607 F. Supp. 3d 1246, 1254, 1269–70, 1273 (Ct. Intl. Trade 2022) (reviewing a challenge to interim measures under § 1517(g)); *accord Superior Com. Sols., LLC v. United States*, 811 F. Supp. 3d 1363, 1370, 1376–77 (Ct. Intl. Trade 2025) (same), *appeal docketed*, No. 26-1376 (Fed. Cir. Jan. 26, 2026); *Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324, 1331, 1339–41 (Ct. Intl. Trade 2021) (same); *see also* Compl. at para. 13 (alleging that this "civil action challenges Customs' imposition of interim measures under 19 U.S.C. § 1517(e)"); Proposed Def.-Intervenor Am. Pers. Transp. Vehicle Mfrs. Coal.'s Resp. in Opp. To Pl.'s Mot. for a Temp. Restraining Ord. and Prelim. Inj. (Apr. 17, 2026), ECF No. 25 at 7–14 (explaining why the Court presently lacks jurisdiction over this action).

The Coalition is an association of domestic producers of low-speed personal transportation vehicles. The Coalition was the petitioner in the original antidumping duty ("AD") and countervailing duty ("CVD") investigations that resulted in the AD/CVD orders that are the subject of CBP's EAPA investigation at issue. Further, the Coalition filed the allegation of evasion that gave rise to the imposition of the interim measures that ICON seeks to contest in this action. *See* Not. of Initiation of Inv. in Interim Measures – EAPA Cons. Case 8247, Ex. to Pl.'s M. TRO and Prelim. Inj. (Apr. 13, 2026), ECF No. 5-3. The Coalition is currently actively participating in the proceedings before CBP. And as a coalition of domestic producers of low-speed personal transportation vehicles, the Coalition has a strong interest in ensuring that the AD/CVD orders and interim measures imposed in connection with EAPA Case No. 8247 are enforced. If they are not,

**Court No. 26-02759**

the Coalition's members will be directly and adversely affected by ICON's ongoing evasion of the AD/CVD orders (as they have been already, prior to the imposition of those interim measures).

Under EAPA, the Coalition is an "interested party" here. *See* 19 U.S.C. § 1517(a)(6)(A)(ii); *cf. id.* § 1517(g)(1) (giving "an interested party that filed an allegation" of evasion under EAPA the right to seek judicial review of EAPA determinations). Indeed, Congress enacted EAPA specifically to "level the playing field for domestic industries" like the Coalition's members. *See All One God Faith, Inc. v. United States*, 589 F. Supp. 3d 1238, 1240 (Ct. Intl. Trade 2022). The Coalition is entitled to seek to intervene by leave of court in this civil action. *See* 28 U.S.C. § 2631(j)(1) ("Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action . . . ."). And under this Court's rules, the Court must grant such leave. *See* CIT R. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . is the interested party that filed the allegation" "in an action described in section 517(g) of the Tariff Act of 1930").

On April 15, by timely motion filed two days after ICON commenced this civil action, the Coalition moved to intervene to exercise its foregoing rights and to defend its interests in this case that EAPA was enacted to protect. *See generally* Motion to Intervene; CIT R. 24(a)(3) (explaining that a motion to intervene like the Coalition's is timely if made "no later than 30 days after the date of service of the complaint"). On April 17, the Court entered a paperless order indicating that it had "taken under advisement" the Coalition's motion to intervene. ECF No. 26. Then on April 21, the Court entered another paperless order holding in abeyance the Coalition's motion to intervene. ECF No. 35. On April 23, the Court then proceeded to hold a closed hearing, limited to the current parties in the case, on ICON's pending motion for a temporary restraining order and preliminary injunction. *See* ECF Nos. 35–36.

**Court No. 26-02759**

Also on April 23, following that closed hearing, the Court entered a paperless order that seemingly by its terms: (1) grants ICON's motion for a temporary restraining order; (2) enjoins CBP from enforcing the primary interim measures that CBP imposed in EAPA Case No. 8247 following the Coalition's allegation of evasion; (3) delays the order's effective date to April 30—that is, specifies that the "order will take effect within 7 days" to "preserve the status quo" (which presumably means the full enforcement of the interim measures in EAPA Case No. 8247)—to give CBP time to hold a "pre-deprivation hearing" regarding the interim measures; and (4) suggests that if CBP holds such a hearing the order will not take effect, by specifying that CBP may not enforce the primary interim measures the order will enjoin in seven days "***until***" CBP holds a pre-deprivation hearing. *See* ECF No. 37 (emphasis added).

That said, because the Coalition's motion to intervene was held in abeyance such that it was not permitted to participate in the April 23 hearing, it is not clear to the Coalition whether this understanding accurately reflects the substance of the Court's April 23 paperless order. And so long as the Coalition's motion to intervene is held in abeyance, the Coalition cannot protect its interests in this civil action—despite its entitlement to participate in it—if and/or when the primary interim measures the CBP has imposed in EAPA Case No. 8247 are enjoined, as well as if and/or when the Court takes further action directly and adversely affecting the Coalition with respect to those interim measures.

Under Rule 7(b)(1), the Coalition may "request . . . a court order . . . by motion." As discussed above, the Coalition has already moved to intervene in this action, which it has a right to do. But the Court has held that motion in abeyance. And while the Coalition's motion to intervene is being held in abeyance, the Court is proceeding to adjudicate this dispute in a manner that will directly and adversely affect the Coalition's EAPA-protected interests. In other words,

4

**Court No. 26-02759**

the Court is adjudicating this dispute in the absence of a party that has a right to participate as a party in it and that is being directly threatened with harm by the actions the Court appears to be taking in this matter in the Coalition's absence. The Court should not proceed any further until it grants the Coalition's motion to intervene.

For these reasons, the Coalition respectfully requests that the Court grant this motion and enter an order immediately granting the Coalition's motion to intervene.

Respectfully submitted,

 */s/ Robert E. DeFrancesco, III*
Robert E. DeFrancesco, III, Esq.
Derick G. Holt, Esq.
Theodore P. Brackemyre, Esq.
Rebecca J. Fiebig, Esq. (Admission Pending)
Joel S. Nolette, Esq.
Kahlil H. Epps, Esq. (Admission Pending)

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: April 24, 2026

5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr>
<td>
ICON EV LLC,<br><br>
          **Plaintiff,**<br>
v.<br><br>
UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>
          **Defendants.**
</td>
<td>
.<br><br>
**Court No. 26-02759**
</td>
</tr>
</table>

**ORDER**

Upon consideration of the Motion of Proposed Defendant-Intervenor American Personal Transportation Vehicle Manufacturers Coalition for Immediate Order Granting Partial Consent Motion to Intervene as a Matter of Right, it is hereby

**ORDERED**, that the American Personal Transportation Vehicle Manufacturers Coalition's Motion for Immediate Order Granting Partial Consent Motion to Intervene as a Matter of Right is granted, and it is further

**ORDERED**, that the American Personal Transportation Vehicle Manufacturers Coalition's Partial Consent Motion to Intervene as a Matter of Right is granted, and it is further

**ORDERED**, that the American Personal Transportation Vehicle Manufacturers Coalition be entered as defendant-intervenor in the above-captioned action.

_____
Hon. Jane Restani, Judge

Dated: April ____, 2026
    New York, New York