UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| ICON EV LLC.,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES, et al.,<br><br>*Defendants.* | Court No. 26-02759 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

OF COUNSEL

TAMARI J. LAGVILAVA
Senior Attorney
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229
(202) 344-2940
tamari.j.lagvilava@cbp.dhs.gov

May 4, 2026

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

DOUGLAS G. EDELSCHICK
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-9303

ADAM A. VISCHIO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY 10278
(202) 305-5528

*Attorneys for Defendants*

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT................................................................................2

I.    Plaintiff Has Failed to Demonstrate Why Judicial Review Under Section 1581(c) Would Not Remedy Its Alleged Financial Injury..................................2

II.   Plaintiff Has Not Met Its Burden to Prove That Its Challenge is Ripe For Review..........3

III.  Authority to Issue Injunctive Relief under the All Writs Act is Irrelevant Because the Act is not Itself a Grant of Jurisdiction..................................4

CONCLUSION................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*ARP Materials, Inc. v. United States*,
47 F.4th 1370 (2022)................................................................................2

*Chemsol, LLC v. U.S.*,
755 F.3d 1345 (Fed. Cir. 2014)................................................................3

*Clinton v. Goldsmith*,
526 U.S. 529 (1999)................................................................................5

*Sackett v. E.P.A*,
566 U.S. 120 (2012)................................................................................4

*Sunpreme Inc. v. United States*,
892 F.3d 1186 (Fed. Cir. 2018)................................................................3

*Superior Commercial Solutions. Superior Com. Sols., LLC v. United States*,
811 F. Supp. 1363, (Ct. Int'l Trade 2025)................................................4

**Statutes**

19 U.S.C. § 1517(c)(1)(A)........................................................................4

19 U.S.C. § 1517(g)(1)........................................................................3, 4

28 U.S.C. § 1581(c)........................................................................2,3

28 U.S.C. § 1581(i)........................................................................2, 3, 4

i

All Writs Act, 28 U.S.C. § 1651(a)....................................................................................4

**Rules**

Rule 12(b)(1)..................................................................................................................2

**Regulations**

19 C.F.R. § 165.22 .........................................................................................................4

19 C.F.R. § 1515(d)(1).....................................................................................................3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

ICON EV LLC.,

*Plaintiff,*

v.

UNITED STATES, et al.,

*Defendants*.

Court No. 26-02759

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

On April 23, 2026, the Court held a hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction. Dkt No. 36. After the hearing, the Court entered a paperless order granting Plaintiff's motion for a temporary restraining order. Dkt No. 37.

On April 24, 2026, the Court issued a written decision granting Plaintiff's motion for a temporary restraining order and preliminary injunction. Slip Op. 26-42. In this opinion, the Court stated that it "likely has subject matter jurisdiction over this action." *Id*. at 7. The Court stated that it "evaluates the parties' subject matter arguments in the context of ICON's preliminary injunction analysis and defers ruling on the government's motion until it is fully briefed." *Id*. at 7 n 11. The Government respectfully submits this reply brief to mark the full briefing of its motion to dismiss for lack of subject matter jurisdiction.

In both the April 23 paperless order and the Court's slip opinion, the Court stated that "until a pre-deprivation hearing is held {CBP} is enjoined from enforcing the interim measures imposed under 19 U.S.C. § 1517(e) in EAPA investigation 8247, except to the extent those measures permit the extension of liquidation of entries that entered before December 30, 2025, and the suspension of liquidation of unliquidated entries entered on or after December 30, 2025." Dkt No. 37; Slip

1

Op. 26-42 at 18. No such hearing occurred thus the court's injunction order is now in effect. CBP has made the various components of the agency aware of imposition of the injunction order.

## SUMMARY OF ARGUMENT

Pursuant to United States Court of International Trade Rule 12(b)(1), the United States defendants ("the Government") respectfully submit this reply in support of its motion to dismiss for lack of subject-matter jurisdiction. The Government understands that this Court has held that it likely has subject matter jurisdiction but "evaluate{d} the parties' subject matter jurisdiction arguments in the context of ICON's preliminary injunction analysis and defer{red} {to} ruling on the government's motion to dismiss until it is fully briefed." Slip Op. 26-42 at 7 n 11. Through this brief, the Government continues to show that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i) over plaintiff's claims. Plaintiff improperly seeks this Court's jurisdiction to invalidate what it believes to be an "unconstitutional process" outlined by the Enforce and Protect Act ("EAPA"). However, CBP precisely followed the statute and made no departures throughout the process. This Court's section 1581(i) jurisdiction is strictly limited. Plaintiff has failed to meet its burden for showing why the statutory scheme outlined by EAPA, leading to judicial review under section 1581(c), is manifestly inadequate. Plaintiff can adequately pursue its claims at the conclusion of the investigation under 28 U.S.C. § 1581(c), as Congress envisioned. Therefore, jurisdiction under section 1581(i) is unavailable.

I.    **Plaintiff Has Failed to Demonstrate Why Judicial Review Under Section 1581(c) Would Not Remedy Its Alleged Financial Injury**

As discussed in defendants' opening motion, section 1581(i) jurisdiction is strictly limited. *See ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (2022) (Def. Mot. at 8-9). Section 1581(i) may not be invoked when "jurisdiction under another subsection of § 1581 *is or could have been available*, unless the remedy provided under that other subsection would be manifestly

2

inadequate." *Id.* Immediate review under the residual jurisdiction provision is generally avoided when Customs is engaged in a statutorily authorized administrative process that will lend itself to jurisdiction under another provision of § 1581. *See Chemsol, LLC v. U.S.*, 755 F.3d 1345, 1354-55 (Fed. Cir. 2014). Here, CBP is in the middle of an investigation under the Enforce and Protect Act, which expressly provides for judicial review under 28 U.S.C. § 1581(c) at the conclusion of the process. 19 U.S.C. § 1517(g)(1); Govt. Mot. at 3-4.

Plaintiff has not met its burden to show that judicial review of CBP's final EAPA determination would not provide a manifestly adequate forum of review to address the alleged injury in this case. The injury plaintiff alleges is financial. *See, e.g.* Pl. Reply. at 10. Should CBP's final determination find the ICON EV was evading the orders, ICON EV can challenge this determination in this Court pursuant to 1581(c). Jurisdiction under section 1581(c) is the appropriate and suitable forum to review plaintiff's claims, and the relief of refunds with interest is available as a potential remedy. Therefore, plaintiff cannot show that judicial review under section 1581(c) is manifestly inadequate.

Plaintiff reveals the "true nature"[1] of this action when it argues that it is "seeking relief from being subjected to an unconstitutional process." Pl. Reply. at 11; *See Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018). Plaintiff describes EAPA proceedings as "unconstitutional." *Id.* at 6. All three counts of its complaints allege CBP's interim measures "were unlawfully imposed." *See* Compl. ¶¶ 43, 47, 52. However, CBP precisely followed the procedures of EAPA, including all pertinent timelines, and made no departures throughout the process. Plaintiff does not dispute this. On April 6, 2026, CBP notified ICON, Marxon Energy Inc., and other importers that it initiated a formal investigation and imposed interim measures. Pl. Mot. Exh.

---

[1] *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018).

3. This notice came within the allotted time outlined under 19 C.F.R. § 1517(d)(1). As outlined in the Government's motion, the notice fully details the information provided by the Alleger and CBP's rationale for finding a reasonable suspicion of evasion. Govt. Mot. at 7.

Plaintiff concedes that CBP acted timely and did not violate its statutory mandate. As such, this case is distinguishable from *Superior Commercial Solutions. Superior Com. Sols., LLC v. United States*, 811 F. Supp. 1363, (Ct. Int'l Trade 2025). Plaintiff cannot invoke the strictly limited 1581(i) jurisdiction when it could wait until 1581(c) is available.

## II.    Plaintiff Has Not Met Its Burden to Prove That Its Challenge is Ripe For Review

Plaintiff argues that interim measures are final agency action because they are "not subject to administrative reconsideration" and have "immediate legal consequences." Pl. Mot. at 16, Pl. Reply. at 7; *See Sackett v. E.P.A*, 566 U.S. 120, 126-27 (2012) (final agency action "for which there is no other adequate remedy in a court" must be one where both (1) "legal consequences…flow" and (2) "marks the 'consumation'" of the Agency's decisionmaking process).

Here, CBP's initiation of an investigation based on a reasonable suspicion of evasion and its imposition of interim measures *are* subject to further review by CBP through the procedures of EAPA. As detailed in the Government's opening motion, no later than 300 calendar days after the investigation's initiation, CBP is required to make a determination as to whether the administrative record contains substantial evidence to conclude that AD/CVD duties have been evaded. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.22. Should CBP determine that no evasion has occurred, it will refund ICON EV of the payments made, with interest. Alternatively, should CBP find that in fact ICON EV evaded AD/CVD Orders, Plaintiff may file an administrative appeal for de novo review of the determination with CBP's Office of Trade, Regulation and Rulings (R&R). Should R&R affirm the evasion determination, Plaintiff then could challenge this final determination

4

under section 1581(c). 19 U.S.C. § 1517(g)(1). Therefore, the imposition of interim measures, before the EAPA investigation is even concluded, is quintessential non-final agency action, and this case is not ripe for judicial review.

### III. Authority to Issue Injunctive Relief under the All Writs Act is Irrelevant Because the Act is not Itself a Grant of Jurisdiction

Plaintiff argues that even "even if § 1581(c) were not manifestly inadequate, and even if the interim measures were non-final" this Court still can issue the relief it seeks under the All Writs Act, 28 U.S.C. § 1651(a). Pl. Reply at 11-13. That argument is inappropriate because the All Writs Act does not confer jurisdiction for this Court. *See Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (noting that the All Writs Act may only be employed "in aid of" the Court's existing statutory jurisdiction). This Court's jurisdiction is defined by section 1581 and plaintiff has failed to show the elements for section 1581(i) jurisdiction.

### CONCLUSION

For these reasons, defendants respectfully request that the Court grant the motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

OF COUNSEL

TAMARI J. LAGVILAVA
Senior Attorney
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229
(202) 344-2940
tamari.j.lagvilava@cbp.dhs.gov

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

DOUGLAS G. EDELSCHICK
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station

5

Washington, DC 20044
(202) 353-9303

May 4, 2026

By: /s/ Adam A. Vischio
ADAM A. VISCHIO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY 10278
(202) 305-5528

*Attorneys for Defendants*

6

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing submission complies with the word-limitation set forth in the Standard

Chambers Procedure 2(B)(1), and contains 1,887 words.


Dated: May 4, 2026

/s/ Adam A. Vischio
Adam Angelo Vischio