**Slip Op. 26-88**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ICON EV LLC, | |
| Plaintiff, | |
| v. | Before: Jane A. Restani, Judge |
| UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection, | Court No. 26-02759 |
| Defendants. | |

## OPINION AND ORDER

Dated: August 10, 2026

[Granting in part and denying in part the American Personal Transportation Vehicle Manufacturers Coalition's permissive motion to intervene.]

Luke Mathers, Sandler, Travis & Rosenberg, P.A., of New York, NY, for the plaintiff. Also on the brief were Deborah Beth Stern, of Miami, FL, and Sarah Suzanne Sprinkle, of Washington, DC.

Adam Angelo Vischio, Lead Attorney, International Trade Field Office, Civil Division, U.S. Department of Justice, of New York, NY, for defendants. Also on the brief were Douglas Glenn Edelschick, of Washington, DC, and Edward Francis Kenney, of New York, NY. Of counsel on the brief were Nicolas Alexander Morales and Tamari J. Lagvilava, Office of Chief Counsel, U.S. Customs and Border Protection, of Washington, DC.

Robert Edward DeFrancesco, III, Wiley Rein, LLP, of Washington, DC, for the proposed defendant-intervenor. Also on the brief were Derick G. Holt, Theodore P. Brackemyre, Rebecca J. Fiebig, Joel S. Nolette, and Kahlil H. Epps.

Restani, Judge: Before the court is the American Personal Transportation Vehicle

Manufacturers Coalition's (the "Coalition") renewed motion for permissive intervention,

Court No. 26-02759                                                                      Page 2

Coalition's Renewed Partial Consent Mot. for Permissive Intervention, ECF No. 55 (June 23, 2026) ("Coalition Mot."), and ICON EV LLC's ("ICON") response thereto.[1]  Pl.'s Resp. in Opp'n to Proposed Def.-Intervenor's Renewed Mot. for Permissive Intervention, ECF No. 61 (July 14, 2026) ("ICON Resp.").

For the reasons that follow, the court grants in part and denies in part the Coalition's motion.  The Coalition is permitted to intervene, but only to challenge Count III of ICON's complaint, see Compl. at 11–12, ECF No. 4 (Apr. 13, 2026).  The Coalition is directed to file an answer to ICON's complaint within 14 days of this order.

## BACKGROUND

The court has described the background of this case in its orders granting ICON's motion for a temporary restraining order ("TRO") and preliminary injunction, see ICON EV LLC v. United States, Slip Op. 26-42, 2026 WL 1122468 (CIT Apr. 24, 2026) ("ICON I"), and denying the government's motion to dismiss.  ICON EV LLC v. United States, Slip Op. 26-55, 2026 WL 1470148 (CIT May 26, 2026) ("ICON II").  Accordingly, the court here recounts only those facts pertinent to the present motion.

The Enforce and Protect Act ("EAPA") allows an interested party to submit an allegation to the U.S. Customs and Border Protection ("Customs") that a person is importing merchandise into the United States by evading applicable antidumping and countervailing duty orders.  19 U.S.C. § 1517(a)(3), (b)(2).  If Customs determines that the allegation "reasonably suggests" that evasion is occurring, it will initiate an investigation.  Id. § 1517(b)(1).  No later than 90 days after initiating its investigation, Customs will apply interim measures if it has a reasonable suspicion of evasion.  Id. § 1517(e).  No later than 300 days after initiating its investigation (unless special

---

[1] Defendants consented to the Coalition's motion.  Coalition Mot. at 1 n.1.

circumstances warrant an extension), Customs will issue its final determination, based on substantial evidence, with respect to whether evasion occurred. Id. § 1517(c).

On October 10, 2025, and December 8, 2025, the Coalition submitted an EAPA allegation to Customs, claiming that ICON was evading the antidumping and countervailing duty orders against certain low-speed personal transportation vehicles ("LSPTVs") from China (the "LSPTV Orders").[2]  See Notice of Initiation of Investigation and Interim Measures - EAPA Cons. Case 8247 at 2–3, 4–6, ECF No. 24-2 (Apr. 17, 2026) ("Notice").  Customs initiated its investigation on December 30, 2025. Id. at 9.  On March 30, 2026, Customs notified ICON of its "reasonable suspicion" that ICON had evaded the LSPTV Orders "by misclassification and by transshipment through Vietnam" and stated that it would implement interim measures.  See March 30, 2026 Email at 2, ECF No. 5-2 (Apr. 13, 2026) ("March 30, 2026 Email").  On April 6, 2026, Customs formally notified ICON that it was imposing interim measures on ICON pursuant to the EAPA, requiring extension and suspension of liquidation of unliquidated entries, an over-500% duty rate on ICON's imports, and "live" entry cash deposits.  Notice at 18–19; March 30, 2026 Email at 2.

On April 13, 2026, ICON filed a complaint challenging the interim measures.  See Compl. ICON alleges that Customs violated its due process rights by failing to provide notice and a meaningful opportunity to be heard prior to imposing interim measures based on its reasonable suspicion. Id. ¶¶ 35–47.  It further alleges that Customs did not have a reasonable suspicion of evasion, as required to initiate interim measures under the EAPA. Id. ¶¶ 48–52.  ICON also moved for a TRO and preliminary injunction, see Pl.'s Mot. for TRO and Prelim. Inj., ECF No. 5 (Apr.

---

[2] Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025).

Court No. 26-02759                                                                          Page 4

13, 2026) ("ICON TRO Mot."), which this court granted. ICON I, at \*7–\*8.   While ICON's motion was pending, the Coalition filed a motion to intervene as of right and filed a response in opposition to ICON's motion for a TRO and preliminary injunction.  Partial Consent Mot. to Intervene as a Matter of Right, ECF No. 18 (Apr. 15, 2026); Proposed Def.-Intervenor Am. Pers. Transp. Vehicle Mfr. Coal.'s Resp. in Opp'n to Pl.'s Mot. for a TRO and Prelim. Inj., ECF No. 25 (Apr. 17, 2026) ("Proposed Coalition Resp.").   The court denied the Coalition's motion to intervene as of right via paperless order on April 24, 2026, holding that there was no applicable statutory right to intervene, that USCIT Rule 24(a)(2)'s provision for intervention as of right in cases under section 517(g) of the Tariff Act of 1930 was inapplicable because ICON was not challenging an action reviewable under 19 U.S.C. § 1517(g), and that the Coalition had not alleged an interest that would be affected by the court's adjudication of ICON's constitutional claims. Paperless Order, ECF No. 39 (Apr. 24, 2026).  The court also denied the Coalition's argument in the alternative for permissive intervention without prejudice. Id.  The court subsequently ordered that any renewed motion for permissive intervention must be filed by June 23, 2026.  Order at 1, ECF No. 49 (May 26, 2026).  The Coalition timely filed its renewed motion on June 23, 2026.  See Coalition Mot.

## DISCUSSION

The Coalition argues that it should be allowed to intervene because (1) its defenses share common questions of law or fact with the main action; (2) it is not adequately represented by the government; and (3) allowing the Coalition to intervene would not unduly delay or prejudice the original parties.  Coalition Mot. at 4.  First, the Coalition argues that its defenses share common questions of law and fact with the government because it was a central participant in the regulatory and factual events giving rise to ICON's action.  Id.  According to the Coalition, it thus has

information relevant to "whether CBP correctly determined that reasonable suspicion of evasion existed, lawfully imposed interim measures, and afforded constitutionally sufficient process." Id. at 4. The Coalition adds that it also intends to contest whether the court has subject matter jurisdiction over this case. Id. at 5. Second, the Coalition maintains that its interests are not fully represented by the government in this case because the Coalition "brings a distinct, industry-focused perspective" that the government cannot articulate. Id. The Coalition maintains that its interest in this case is separate because it will lose trade relief (i.e., "real and substantial monetary losses") afforded by the LSPTV Orders should ICON prevail. Id. at 6. By contrast, the government will only lose revenue. Id. The Coalition adds that it would provide the court with a "more complete understanding of the issues presented" due to its participation in both the underlying EAPA investigation and its petitions that led to the LSPTV Orders in the first place. Id. at 7–8. Finally, the Coalition argues that it would not unduly delay or prejudice the parties because its intervention would not impact the court's scheduling order and because its prior proposed response to ICON's preliminary injunction motion remains on the docket. Id. at 9.

ICON responds that the Coalition failed to comply with USCIT Rule 24(c) by not filing a proposed pleading alongside its renewed motion. ICON Resp. at 3. ICON adds that the Coalition has not shown it would be adversely affected or aggrieved by a decision in this action because it mimics the government's defense. Id. at 3–4. Finally, ICON argues that the Coalition's defenses are impermissibly duplicative of the government's, which will complicate the swift resolution of ICON's case. Id. at 5–7.

Permissive intervention in a case before the Court of International Trade is governed by 28 U.S.C. § 2631(j) and USCIT Rule 24(b). The court may, subject to certain exceptions, permit anyone to timely intervene "who would be adversely affected or aggrieved by" the court's decision

and who "has a claim or defense that shares with the main action a common question of law or fact." 28 U.S.C. § 2631(j)(1); USCIT R. 24(b)(1)(B). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. 28 U.S.C. § 2631(j)(2); USCIT R. 24(b)(3). Further, in assessing a plaintiff's interest, the court must consider the USCIT Rules, which shall "be construed to secure the just, speedy, and inexpensive determination of every action." Ereğli Demir Ve Çelik Fabrikalari T.A.Ş. v. United States Int'l Trade Comm'n, 639 F. Supp. 3d 1245, 1258 (CIT 2023) (citing USCIT R. 1(a)) (citation modified). An intervention motion "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." USCIT R. 24(c)(1).

ICON's complaint asserts three counts against the defendants: that Customs violated ICON's fifth amendment right to procedural due process by failing to provide notice and a meaningful opportunity to be heard before imposing interim measures (Count I); that the reasonable suspicion standard under the EAPA, as applied here, violated the fifth amendment (Count II); and that Customs violated the EAPA by imposing measures without a reasonable suspicion of evasion (Count III). Compl. ¶¶ 35–52. In its accompanying motion for a TRO and preliminary injunction, ICON argued that it would succeed on the merits of its constitutional claims. ICON TRO Mot. at 10–14. The government filed a motion to dismiss and response to ICON's motion for a TRO and preliminary injunction, arguing that the court did not have subject matter jurisdiction and that ICON would likely not succeed on the merits of its constitutional claims. See Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for TRO & Prelim. Inj. at 9–19, ECF No. 24 (Apr. 17, 2026) ("Gov. TRO Resp."). The Coalition's proposed response to ICON's TRO

and preliminary injunction motion raised similar jurisdictional and likelihood of success on the merits arguments.  See Proposed Coalition Resp.

As a preliminary matter, the Coalition's failure to file an accompanying pleading is not fatal to its intervention in this case.  While USCIT Rule 24(c) requires a proposed intervenor to file an accompanying pleading, it does so to apprise the original parties of the "claim or defense for which intervention is sought."  USCIT R. 24(c)(1).  The need for adequate notice is what animates the rule.  Several courts, when construing the identical requirement in Federal Rule of Civil Procedure 24(c), have therefore adopted a "liberal" approach to permitting intervention even without an accompanying pleading where no prejudice to the original parties would result.[3]  See 7C WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 1914 (3d ed.), and cases cited in n.14 thereto; see also Peaje Investments LLC v. Garcia-Padilla, 845 F.3d 505, 515 (1st Cir. 2017) (collecting cases) ("[D]enial of a motion to intervene based solely on the movant's failure to attach a pleading, absent prejudice to any party, constitutes an abuse of discretion.").

The liberal approach is preferable here.  The Coalition has put ICON on notice of its defenses through its proposed response to ICON's preliminary injunction motion (which, by necessity, addressed ICON's likelihood of success on the merits of its claims)[4] and through its renewed intervention motion itself.  See Proposed Coalition Resp. at 14–18 (arguing that ICON will not succeed on the merits of its due process claim); Coalition Mot. at 4–8 (outlining anticipated

---

[3] Opinions construing the Federal Rules of Civil Procedure are persuasive authority for construing the USCIT Rules.  Glob. Aluminum Distrib. LLC v. United States, 579 F. Supp. 3d 1338, 1342 n.6 (CIT 2021).

[4] A party seeking a preliminary injunction must show "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the [movant]."  Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983) (citation omitted).

Court No. 26-02759                                                                                          Page 8

defenses).    Moreover, the government is currently enjoined from implementing the interim measures here without a predeprivation hearing (except as to extension and suspension of liquidation for unliquidated entries, which are consented to), see ICON I, at * 8, the Coalition filed its renewed motion to intervene before the government filed its answer on July 7, 2026, see Defs.' Ans. to the Compl., ECF No. 60 (July 7, 2026), and ICON's deadline to file a motion for judgment on the agency record is not due until September 21, 2026.  See Order, ECF No. 57 (June 29, 2026). Given this procedural posture, the absence of an accompanying pleading is not prejudicial to ICON.  Accordingly, the court will not deny intervention for failure to comply with USCIT R. 24(c).  See Ceramica Regiomontana, S.A. v. United States, 7 C.I.T. 390, 394, 590 F. Supp. 1260, 1263 (1984) (declining to adopt a "strict construction of the pleading requirement of [USCIT] Rule 24(c)" where no prejudice would result).

Even excusing the lack of accompanying pleading, however, the majority of the Coalition's proposed defenses are duplicative of those of the government, and thus would not contribute to the just, speedy, and inexpensive resolution of this action.[5]  See USCIT R.1; Ereğli Demir, 639 F. Supp. 3d at 1258–59.  First, it is not clear what, if anything, the Coalition's proposed defenses to ICON's constitutional arguments (Counts I and II) would contribute beyond the government's defenses.  While the Coalition asserts its "industry-focused perspective," Coalition Mot. at 5, the opinions of business competitors are not helpful in determining whether Customs provided ICON with adequate process here.  Under Mathews v. Eldridge, to determine whether due process has

---

[5] The parties agree that the Coalition's motion is timely.  See Coalition Mot. at 8–9; ICON Resp. at 3.  It is clear, too, that the Coalition has defenses that share a common question of law or fact with the main action, namely whether CBP lawfully imposed interim measures under section 1517(e), whether a reasonable suspicion of evasion existed, and whether the procedures Customs employed comported with due process.  See Compl.; Coalition Mot. at 4–5.  ICON does not seriously contend otherwise.  See ICON Resp.

been provided, the court considers (1) the private interest at stake; (2) the risk of an erroneous

deprivation through the procedures used and the probative value, if any, of additional or substitute

procedural safeguards; and (3) the government's interest, including the function involved and the

fiscal and administrative burdens that the additional or substitute procedural requirement would

entail.  424 U.S. 319, 335 (1976).  The Coalition and the government have advanced parallel

arguments under Mathews, see Coalition Proposed Resp. at 14–18; Gov. TRO Resp. at 17–19,[6]

and the government is in a far superior position to address the burden, feasibility, and the probative

value of additional procedural safeguards.    Second, the Coalition's proposed jurisdictional

argument hinges, in part, on whether relief under 28 U.S.C. § 1581(c) would be manifestly

inadequate.[7]  See Coalition Proposed Resp. at 7–14.  Not only do the Coalition's arguments march

in lockstep with the government's, see id.; Gov. TRO Resp. at 9–17,[8] whether section 1581(c)

---

[6] Specifically, the government argued that ICON would not succeed on the merits because ICON
had no protected right to engage in international trade, and that the risk of erroneous deprivation
was low in the light of the regulatory schemes affording interested parties opportunities to respond
during EAPA investigations and the availability of review of the final determination pursuant to
section 1517(f).  Gov. TRO Resp. at 17–19.  The Coalition similarly argued that ICON would not
succeed on the merits of its due process claim because the risk of erroneous deprivation was low
given EAPA's statutory scheme.  Proposed Coalition Resp. at 15–16.  It added that additional
procedural safeguards would likely impair the public interest in enforcement of U.S. trade laws.
Id. at 16–18.

[7] See ICON II, at *5–6 (discussing whether ICON had sufficiently alleged that a remedy under (c)
jurisdiction would be manifestly inadequate).  Under section 1581(c), the court has exclusive
jurisdiction over "any civil action commenced under section . . . 517 of the Tariff Act of 1930 [the
EAPA]."  28 U.S.C. § 1581(c).  Under section 1581(i), the court has exclusive jurisdiction over
"any civil action commenced against the United States, its agencies, or its officers, that arises out
of any law of the United States providing for . . . administration and enforcement with respect to
the matters referred to in . . . [the EAPA]."  Id. § 1581(i)(1)(D).  Jurisdiction under section 1581(i),
however, "may not be invoked when jurisdiction under . . . [section 1581(c)] is or could have been
available, unless the remedy provided under that other subsection would be manifestly
inadequate."  Sunpreme Inc. v. United States, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citing Fujitsu
Gen. Am., Inc. v. United States, 283 F.3d 1364, 1371 (Fed. Cir. 2002)).

[8] Specifically, the government argued that the decision to impose interim measures was not a final
agency action ripe for judicial review, and that ICON had not sufficiently alleged that judicial

would be manifestly inadequate turns on ICON's confidential financial information, as evidenced by this court's previous orders.  See ICON I, at *4–5; ICON II, at *5–6.  Thus, permitting the Coalition, ICON's business competitor, to intervene to advance its duplicative jurisdictional argument will be unduly prejudicial.  USCIT R. 24(b)(3).

The court thus denies the Coalition's motion to intervene as it relates to Counts I and II of ICON's complaint and any defense premised on lack of subject matter jurisdiction.  See Neo Solar Power Corp. v. United States, Slip Op. 16-60, 2016 WL 3390237, at *2 (CIT June 17, 2016) (noting that "[a]dditional parties always add additional time, effort, and expense" and denying permissive intervention motion where proposed intervenor did not make any arguments "distinct from those of the government").

The Coalition's perspective, however, may assist the court in determining whether Customs had a "reasonable suspicion" of evasion under 19 U.S.C. § 1517(e) to impose interim measures in this case (Count III).[9]  The reasonable suspicion determination here hinges on the scope of the LSPTV Orders and the probative force of the assembled evidence against ICON.  As a participant in the proceedings that gave rise to the LSPTV Orders and as the alleging party in the underlying EAPA investigation, the Coalition may provide factual insights and competitor perspectives beyond the regulatory viewpoints of the government.[10]  As a competitor engaged in

---

review under section 1581(c) would be manifestly inadequate.  See Gov. TRO Resp. at 11–15. The Coalition advanced the same arguments.  Proposed Coalition Resp. at 7–14.

[9] The court does not understand ICON to be challenging the initiation of the investigation under section 1517(b) based on the standard of information that "reasonably suggests" evasion. Although how the standard for the imposition of interim measures under section 1517(e) is different is unclear.  Of course, investigating and imposing interim measures create very different burdens.

[10] The court disagrees with ICON that the Coalition will not be aggrieved or adversely affected by the court's resolution of Count III.  ICON Resp. at 3–4.  While the court previously determined that the Coalition had no interest in the court's determination of whether ICON was afforded due process under the fifth amendment, see Paperless Order, ECF No. 39 (Apr. 24, 2026) (citing Calif.

the U.S. manufacture of LSPTVs, the Coalition may also be able to better define the terms and components listed in the LSPTV Orders. See Proposed Coalition Resp. at 3. The Coalition is also better equipped to provide any industry-centered perspectives on what sort of evidence may be available to support an EAPA allegation. Thus, the court will allow the Coalition to intervene as to Count III of ICON's complaint. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 382 n.1 (Brennan, J., concurring) (1987) (noting that "even highly restrictive conditions may be appropriately placed on a permissive intervenor").

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the Coalition's renewed motion for permissive intervention, ECF No. 55. The Coalition is hereby joined as defendant-intervenor to this proceeding and may assert its defenses to ICON's Count III claim. The Coalition may not, however, assert defenses against ICON's Count I and Count II claims, nor may it raise its proposed jurisdiction-based defenses to the court. The Coalition must file its answer to ICON's complaint within 14 days of entry of this order.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: August 10, 2026
       New York, New York

---

Steel Indus., Inc. v. United States, 48 F.4th 1336 (Fed. Cir. 2022)), the court's determination as to whether there was a reasonable suspicion of evasion under section 1517(e) necessarily will affect the promptness of trade relief available to the Coalition in this and future investigations concerning evasion of the LSPTV Orders. As the Coalition asserts, the "continued importation of covered merchandise causes an inventory overhang of [LSPTVs] offered at dumped and subsidized prices, which delays the trade relief entitled to the domestic industry." Coalition Mot. at 6. The court's determination will also likely impact the amount of information that the Coalition must submit to "reasonably suggest" a competitor is evading the LSPTV Orders.