**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **ICON EV LLC,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,**<br>**Defendants,**<br>**and**<br>**American Personal Transportation Vehicle Manufacturers Coalition,**<br>**Defendant-Intervenor.** | **Before: Hon. Jane Restani, Judge**<br><br>**Court No. 26-02759** |

**DEFENDANT-INTERVENOR AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7(a) of the Rules of the Court of International Trade and the Court's Order of August 10, 2026, ECF No. 63, Defendant-Intervenor American Personal Transportation Vehicle Manufacturers Coalition ("Coalition") responds to the allegations of the complaint of Plaintiff ICON EV LLC as follows:

1. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admit that the U.S. Constitution applies to the Executive Branch of the U.S. Government and its agencies, otherwise denied.

2. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

3. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

4. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

5. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

6. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

7. Admitted that Plaintiff is a U.S.-based importer of record and ultimate consignee of imported merchandise. The Coalition has no basis to admit or deny the remaining allegations

contained in this paragraph. Those are admitted to the extent supported by the Administrative Record, otherwise denied.

8. The Coalition has no basis to admit or deny the allegations contained in this paragraph, and the paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

9. The Coalition has no basis to admit or deny the allegations contained in this paragraph. Admitted to the extent supported by the Administrative Record, otherwise denied.

10. The Coalition has no basis to admit or deny the allegations contained in this paragraph. Admitted to the extent supported by the Administrative Record, otherwise denied.

11. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

12. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by 28 U.S.C. § 1581(i)(1)(D), otherwise denied.

13. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists

of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

14. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

15. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-42, ECF No. 41 and Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

16. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-42, ECF No. 41 and Slip Op. 26-55, ECF No. 48-1, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

17. The Coalition has no basis to admit or deny the allegations contained in this paragraph. Admitted to the extent supported by the Administrative Record, otherwise denied.

18. Admitted that Plaintiff is a U.S.-based importer of record and ultimate consignee of imported merchandise. The Coalition has no basis to admit or deny the remaining allegations contained in this paragraph. Those are admitted to the extent supported by the Administrative Record, otherwise denied.

19. Admitted.

20. Admitted to the extent supported by *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amended final antidumping duty deter. and antidumping duty order; amended final deter. of countervailing duty inv. and countervailing duty order), otherwise denied.

21. Admitted to the extent supported by *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amended final antidumping duty deter. and antidumping duty order; amended final deter. of countervailing duty inv. and countervailing duty order), otherwise denied.

22. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

23. Denied.

24. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

25. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

26. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

27. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

28. Admitted to the extent supported by the Administrative Record, otherwise denied.

29. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by the Administrative Record, otherwise denied.

30. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

31. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

32. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

33. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

34. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, and the Court's analysis in its Slip Op. 26-42, ECF No. 41, but to preserve its rights on appeal, responds as follows: This paragraph consists

of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT I**

35. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: The Coalition incorporates its answers to paragraphs 1-34 by reference.

36. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admit to the extent supported by the U.S. Constitution, otherwise denied.

37. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

38. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

39. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

40. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

41. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

42. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

43. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT II

44. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: The Coalition incorporates its answers to paragraphs 1-43 by reference.

45. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds

as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

46. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

47. The Coalition acknowledges the limitations imposed on its participation in this case by the Court's Order of August 10, 2026, ECF No. 63, but to preserve its rights on appeal, responds as follows: This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT III**

48. The Coalition incorporates its answers to paragraphs 1-47 by reference.

49. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, admitted to the extent supported by 19 U.S.C. § 1517(e), otherwise denied.

50. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

51. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

52. This paragraph consists of arguments and/or legal conclusions to which no response is required. To the extent a response is required, denied.

**Court No. 26-02759**

WHEREFORE, Defendant-Intervenor respectfully requests that judgment be entered dismissing this action, dissolving the Preliminary Injunction, and granting such other and further relief as may be just and appropriate.

Respectfully submitted,

*<u>/s/ Robert E. DeFrancesco, III</u>*
Robert E. DeFrancesco, III, Esq.
Derick G. Holt, Esq.
Theodore P. Brackemyre, Esq.
Rebecca J. Fiebig, Esq.
Joel S. Nolette, Esq.
Kahlil H. Epps, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: August 24, 2026